## Simione v. Ohio Casualty Insurance Company

*Dils & Diveglia*, for plaintiff.
*Hartman, Underhill & Brubaker*, for defendant.
*Ranck & Ranck*, for additional defendants.

BUCKWALTER, *J.*, January 13, 1981— Defendant has filed a motion to dismiss for failure to file a certificate of readiness. The factual background essential to the disposition of this motion is as follows.

Plaintiff filed her complaint against defendant on February 8, 1980. By that time, the Supreme Court of Pennsylvania order dated November 19, 1979, commonly referred to as the 240-Day Rule, had been in effect for more than two months. The applicable provision of that order for purposes of this case is quoted below:

"In all civil actions commenced on or before December 31, 1979, any and all documents required to signify that the case is ready for trial must be filed on or before August 31, 1980. In civil actions commenced on or after January 1, 1980, such documents must be filed not more than 240 days after the action is commenced."

Thus, in order to comply with the rule, documents had to be filed signifying that the case was ready for

trial on or before October 6, 1980. By that date in this particular case, no documents had been filed by any of the parties to the suit indicating that it was ready for trial. Moreover, none of the parties applied for an extension at any time under paragraph 1(b) of the rule.

Defendant did, however, on October 14, 1980 file a motion to dismiss for failure to file a certificate of readiness.

The filing of this motion now requires that the court make a determination under the provisions of 1(c) of the order of the Supreme Court of Pennsylvania dated November 19, 1979, which states as follows:

"If the documents are not filed within the time limits above, the court, with or without motion by any party, shall require that good cause be shown why the case should not be dismissed for want of prosecution."

In support of their respective positions, plaintiff and defendant submitted briefs and were permitted to argue orally before this court on January 8, 1981.

Plaintiff's argument as to why her complaint should not be dismissed is set forth in her brief quoted below:

"The cause of action which was instituted by plaintiff, Donna Simione, should not be dismissed because an additional defendant was joined on March 12, 1980. Negotiations of settlement were entered into by counsel for all parties and for this reason, the case was not prosecuted and a certificate of readiness filed.

"Since Counsels were negotiating in good faith to settle and dispose of the case, it was anticipated there would be no need for trial.

"See copy of a letter from Attorney Robert M.

Frankhouser, Jr. withdrawing his settlement offer because he had entered a rule on plaintiff to show cause why the action should not be dismissed. Counsels, as officers of the court, have a duty to settle on behalf of their client's claims if at all possible and counsel for plaintiff was pursuing this avenue and had every hope that the matter would be resolved without trial. Plaintiff had instructed her attorney to settle the matter if possible and while settlement was being sought, defendant, Ohio Casualty Insurance Company now withdraws its prior good faith settlement negotiations and wishes to dismiss, which under all the circumstances would not be a just result for plaintiff, litigant."

By way of further amplification of the statements quoted above in plaintiff's brief, it appeared at oral argument that an offer had been made to plaintiff in April of 1980 to settle the case and that no response was ever made to that offer even though it was acknowledged to be a fair offer by counsel for plaintiff. It is hard to see how this constitutes "negotiating in good faith." Furthermore, if the court were to accept the reasoning of plaintiff in this matter as a good cause, the reason for the 240-Day Rule would be entirely thwarted by one party simply suggesting that settlement negotiations were being conducted with the hope of resolving a dispute without a trial. The court can imagine some circumstances where meaningful, intense and ongoing settlement negotiations could be considered good cause. This case is not one of them.

Since the court does not feel that plaintiff has shown good cause as to why the case should not be dismissed for want of prosecution, the following order is hereby entered.

## ORDER

And now, January 13, 1981, the complaint of plaintiff is dismissed with prejudice for want of prosecution pursuant to the order of the Supreme Court of Pennsylvania dated November 19, 1979.